```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                       COLUMBUS DIVISION
```

MARK SILVER, *et al.*,                 *

    Plaintiffs,                      *

vs.                                     *     CASE NO. 4:12-CV-5 (CDL)

BAD BOY ENTERPRISES, LLC, *et al.*,     *

    Defendants.                      *

                                             O R D E R

Presently pending before the Court is Plaintiffs' Motion to Compel (ECF No. 80).  The issue in this discovery dispute is whether Defendant Bad Boy Enterprises ("BBE") should be compelled to disclose to Plaintiffs what, if any, insurance coverage remains available under BBE's "eroding limits" insurance policy.[1] Plaintiffs contend that they are entitled to this information. BBE contends that it has no duty to disclose the remaining coverage under the policy and that it satisfied all of its obligations under the law by producing a copy of the applicable insurance policy.  For the following reasons, the Court denies Plaintiffs' motion to compel.

---

[1] In their Motion to Compel, Plaintiffs also asserted that BBE had not produced all of the endorsements to the applicable policy, including an endorsement naming Textron, Inc. and BB Buggies, Inc. as insureds.  In response, BBE pointed to evidence that it had produced the relevant endorsement on April 30, 2012.  Plaintiffs did not dispute BBE's assertion, and the Court finds that this issue is now moot.

It is undisputed that BBE is covered by a "claims made" insurance policy with a single limit of $10 million for all claims filed against BBE since the policy was issued. As claims and attorney's fees are paid under the policy, the amount of insurance coverage remaining to pay other claims is reduced.

Plaintiffs contend that BBE is required to supplement its initial disclosures regularly to disclose the amount of coverage remaining under the policy. Plaintiffs contend that this disclosure is required by Federal Rule of Civil Procedure 26(a)(1)(A)(iv) and by O.C.G.A. § 33-3-28. The Court will address each argument in turn.

As part of BBE's initial disclosures, BBE was required to provide Plaintiffs "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." Fed. R. Civ. P. 26(a)(1)(A)(iv). It is undisputed that BBE produced a copy of the applicable policy, including the declarations page showing the policy limits as of the date that the policy was issued. The Court finds that BBE has satisfied the requirement of Rule 26(a)(1)(A)(iv).

Plaintiffs also contend that O.C.G.A. § 33-3-28 requires BBE to disclose the remaining amount of coverage under the applicable

2

policy.[2]  Under O.C.G.A. § 33-3-28, the insured must, in response to a written request by a claimant, provide "the name of the insurer, the name of each insured, and the limits of coverage." O.C.G.A. § 33-3-28(a)(1).  The "insurer may provide a copy of the declaration page of each such policy in lieu of providing such information."  *Id.*  Plaintiffs pointed to no authority in support of their argument that O.C.G.A. § 33-3-28 requires disclosure of information regarding the remaining amount of coverage under the policy.  Here, it is undisputed that BBE provided Plaintiffs with not only the declaration page but with a copy of the entire insurance policy.  Therefore, the Court finds that BBE met its obligations under O.C.G.A. § 33-3-28.

## CONCLUSION

As discussed above, BBE met its obligations under Federal Rule of Civil Procedure 26(a)(1)(A)(iv) and O.C.G.A. § 33-3-28 by producing a copy of the applicable insurance policy including the declarations page.  Plaintiffs' Motion to Compel (ECF No. 80) is therefore denied.

IT IS SO ORDERED, this 21st day of March, 2013.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE

---

[2] BBE disputes that Plaintiffs made a proper request under O.C.G.A. § 33-3-28, but the Court assumes for purposes of the pending motion that Plaintiffs did make a proper request.

3