```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF GEORGIA
                     COLUMBUS DIVISION

MARK SILVER and LAURA SILVER,   *
Individually and as Next
Friends and Parents of Leslie   *
Erin Silver, a minor child,
                                *
     Plaintiffs,                         CASE NO. 4:12-CV-5 (CDL)
                                *
vs.
                                *
BAD BOY ENTERPRISES LLC, BB
BUGGIES INC., and TEXTRON INC., *

     Defendants.                *
```

O R D E R

Notwithstanding the Court's encouragement, attorneys for the parties have made little progress narrowing down deposition objections in preparation for the trial of this case.  Therefore, the Court is faced with reviewing dozens of depositions and ruling on generic objections ranging from "vague" to "leading" to "compound."  Such an exercise is a waste of judicial resources.  It also is a symptom of modern litigation where litigators prefer to provide "canned presentations" through depositions that should be taken primarily for discovery and not for trial and where many litigators waste very few opportunities to make an objection in the deposition setting that they would never raise at trial.  Balancing the right of the parties to use depositions

under those circumstances permitted by the Federal Rules with the Court's interest in making rulings in the context of the trial and in the most efficient manner, the Court will not rule on deposition objections in advance of trial.  Instead, the objections shall be made by counsel live at trial when the question is read or played at trial, and the Court will make its ruling from the bench just as if the witness was testifying live at trial.  If the objection is not made live at trial, it will be waived.  The Court continues to encourage the parties to minimize the number of depositions that will be presented at trial; and for those that must be presented, the Court implores the parties to reconsider those objections that lack merit so that time is not wasted at trial on such objections.

    The Court observes that almost all of Plaintiffs' objections to BBE's designations are based on an incomplete designation.  Though this issue certainly should have been simple for the parties to resolve, they did not work out the issue on their own.  Plaintiffs' objections based on incompleteness are sustained.  The Court declines to waste its time going through each designation one by one to figure out what additional portions of the depositions should be designated.  Rather, the Court orders BBE to amend its

designations to include the entire question and/or answer for each designation to which Plaintiffs objected based on incompleteness. BBE's amended designations shall be provided to Plaintiffs' counsel within seven days of today's Order.

IT IS SO ORDERED, this 16th day of September, 2013.

S/Clay D. Land

CLAY D. LAND

UNITED STATES DISTRICT JUDGE