```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                       COLUMBUS DIVISION

MARK SILVER and LAURA SILVER,   *
Individually and as Next
Friends and Parents of Leslie   *
Erin Silver, a minor child,
                                *
     Plaintiffs,                         CASE NO. 4:12-CV-5 (CDL)
                                *
vs.
                                *
BAD BOY ENTERPRISES LLC, BB
BUGGIES INC., and TEXTRON       *
INC.,
                                *
     Defendants.
```

O R D E R

The Court granted Defendant Bad Boy Enterprises LLC's ("BBE") motions in limine to exclude evidence of pre-June 2008 Bad Boy Buggy Classic Model vehicles and evidence of certain other incidents involving prior model Bad Boy Buggy vehicles. Order November 8, 2013, ECF No. 176. The Court based its ruling on Plaintiffs' failure to point to evidence in the present record that supports their argument that the prior model Bad Boy Buggy vehicles are substantially similar to the vehicle at issue in this case. The Court noted that it would permit Plaintiffs to file a motion for reconsideration of these rulings with specific citation to the record evidence supporting substantial similarity. Plaintiffs filed two

motions for reconsideration (ECF Nos. 178 & 179), which are granted.

BBE emphasizes that there are differences between the powertrain of the Series model Bad Boy Classic Buggy, which was manufactured until June 2007, and the powertrain of the SepEx model, which BBE began manufacturing in June 2007. BBE also stresses that it upgraded the controller software in SepEx model vehicles manufactured after June 2008. But Plaintiffs contend that all of the Bad Boy Buggy Classic model vehicles suffered from common defects, including the location of the accelerator pedal and the lack of a dual sensor in the accelerator pedal system. Plaintiffs pointed to the testimony of David Brower, a BBE employee, who stated that the root cause of unintended acceleration in all Bad Boy Buggy Classic Model vehicles, including pre-June 2008 vehicles, involved issues with the throttle pedal. All Bad Boy Buggy Classic model vehicles were subject to the exact same 2010 recall to fix issues with the throttle pedal. The recall included moving the location of the accelerator pedal, adding a dual sensor, and adding a stop switch. While there is evidence that some unintended acceleration issues in pre-2008 Bad Boy Buggy Classic model vehicles were caused by defects that did not exist in the vehicle at issue here, there is also evidence that the vehicles all shared a common defect that could lead

2

to unintended acceleration.  Based on this evidence, the Court is satisfied that that there is a genuine fact dispute as to whether a common defect caused a common effect in pre-June 2008 Bad Boy Buggy Classic model vehicles and the vehicle at issue here.  In other words, there is enough evidence for the jury to decide that a common defect existed and caused unintended acceleration.

Plaintiffs also pointed to evidence that the pre-June 2008 Bad Boy Buggy Classic model vehicles and the vehicle at issue in this case have same size and shape doorways and no occupant containment safeguards, such as doors or seat belts.  Based on this evidence, the Court is satisfied that the pre-June 2008 Bad Boy Buggy Classic model vehicles and the vehicle at issue in this case are substantially similar in terms of their crashworthiness in tip-over wrecks.  In addition, Plaintiffs pointed to evidence that the SepEx model Bad Boy Buggy Classic Model vehicles actually had an increased risk of tip-overs compared to the earlier Series models, so evidence that BBE had notice of tip-overs and crashworthiness issues involving Series model vehicles is relevant.

Because Plaintiffs pointed to sufficient evidence that the pre-June 2008 Bad Boy Buggy Classic Model vehicles are substantially similar to the vehicle at issue in this case in terms of crashworthiness and unintended acceleration, the

3

Court vacates the portion of its order granting BBE's motion in limine to exclude prior vehicle models (ECF No. 135). That motion is now denied, and Plaintiffs shall be permitted to introduce evidence of prior vehicle models at trial. The Court also vacates the portion of its order granting in part BBE's motion in limine to exclude other incidents (ECF No. 138). That motion is now denied. Plaintiffs shall be permitted to introduce evidence of the Cody Smith incident. Plaintiffs shall also be permitted to introduce P-115 and P-193, as long as those exhibits are redacted to exclude incidents that occurred after September 25, 2008 as Plaintiffs represent they will be.

IT IS SO ORDERED, this 25th day of November, 2013.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE